[Cite as *State v. Bunn*, 2011-Ohio-1344.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  10 MA 10 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JERMAINE BUNN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 08 CR 742.

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH  44503


For Defendant-Appellant:     Attorney Megan M. Graff
Comstock, Springer & Wilson Co., LPA
100 Federal Plaza East, Suite 926
Youngstown, OH  44503



JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio


                              Dated: March 18, 2011


DeGenaro, J.

{¶1} Appellant, Jermaine Bunn appeals the December 30, 2009 decision of the Mahoning County Court of Common Pleas that imposed a seven-year prison sentence, subsequent to Bunn's guilty plea to felonious assault. On appeal, Bunn argues that the trial court committed reversible error by refusing to grant Bunn's repeated motions to withdraw his guilty plea, and by allowing him to proceed pro-se during one hearing without ensuring that Bunn's waiver of counsel was knowing, voluntary, and intelligent.

{¶2} Bunn's due process rights were not prejudiced when the trial court granted Bunn's request to present a pro-se argument at the hearing on his second of three motions to withdraw his guilty plea, regardless of whether the trial court substantially complied with Crim.R. 44(A). Further, Bunn did not present compelling reasons for withdrawing his plea, and the State would have been prejudiced by a plea withdrawal for a charge that had been pending for eighteen months. Thus, the trial court did not abuse its discretion by overruling Bunn's motions to withdraw his guilty plea. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3} On June 20, 2008, Bunn was arraigned at Mahoning County Court #4 on charges of kidnapping, felonious assault, and having weapons under disability. The offenses were alleged to have been committed against Leora Morgan on or about June 18, 2008. On June 23, 2008, while represented by counsel, Bunn consented to be bound over to the Mahoning County Court of Common Pleas. On July 17, 2008, the grand jury issued a three count indictment for Case No. 08 CR 742, charging Bunn with kidnapping, felonious assault, and having weapons while under disability.

{¶4} Bunn's counsel filed a motion to withdraw as counsel of record, which the trial court granted on August 1, 2008. On August 5, 2008, Bunn entered a plea of not guilty, and his bond was continued. On August 19, 2008, the trial court appointed Attorney James Melone as counsel, Bunn executed a speedy trial waiver, and the trial court continued the case. Subsequent to initial discovery, pretrial hearings, and many continuances, the trial court granted an indefinite continuance of the trial date. At a February 20, 2009 pretrial hearing, Bunn rejected the State's plea offer, and a jury trial

was scheduled for May 26, 2009.

{¶5} On May 13, 2009 the State filed a motion to revoke bond, stating that Bunn had been arrested on April 29, 2009 on numerous charges. Bunn was charged in Case. No. 09 CR 485 for fourth degree felony possession of crack cocaine, and in Case No. 09 CR 514 for third degree felony theft. The trial court granted the motion on May 21, 2009 and ordered that Bunn be taken into custody.

{¶6} On May 27, 2009, the trial court held a hearing regarding the three cases pending against Bunn. With the legal representation of Attorney Tony Meranto, Bunn submitted waivers of indictment for Case Nos. 09 CR 485 and 09 CR 514, and pleaded guilty to the charges. With the legal representation of Attorney Melone in Case No. 08 CR 742, Bunn agreed to enter a change of plea to guilty for the charge of felonious assault, and the State agreed to dismiss the charges of kidnapping and having weapons under disability. The parties jointly recommended a sentence of four years for felonious assault in 08 CR 742. The parties also jointly recommended sentences of four years for theft in 09 CR 514, and eighteen months for drug possession in 09 CR 485, and recommended that they all run concurrently. After Bunn and the State agreed to address all three of the cases simultaneously, the trial court entered into a Crim.R. 11(C) colloquy with Bunn on the guilty pleas for each of the three charges, and found his pleas to be knowing, voluntary, and intelligent. The trial court sustained the State's motion to dismiss the kidnapping and weapons disability charges in 08 CR 742, accepted Bunn's plea to the felonious assault charge, and found him guilty. The trial court then accepted Bunn's pleas to the charges in 09 CR 485 and 09 CR 514, and found him guilty. The trial court continued Bunn's sentencing hearings to June 30, 2009, pending presentence investigation. The trial court filed a judgment entry noting the same on May 29, 2009. Attached to the judgment entry was a Sentence Recommendation for 08 CR 742, signed by the prosecutor and Attorney Melone, recommending an "[a]greed upon sentence of four years, State will not oppose judicial release after 3 years are served. Sentence to run concurrently with 09 CR 485 & 09 CR 514."

{¶7} The sentencing hearing was reset to July 14, 2009, and again to August 6,

2009. On August 10, 2009, the trial court filed a judgment entry, noting that the August 6, 2009 sentencing hearing had been cancelled upon Bunn's oral motion, and granting Bunn ten days to file a written motion. Although Bunn's other two cases are not part of the record in the present case, it appears that Bunn's counsel for Case Nos. 09 CR 485 and 09 CR 514 filed a motion to withdraw his guilty plea, and that the trial court scheduled a hearing on that motion for September 8, 2009.

{¶8} At the hearing, counsel for Bunn's 09 cases, Attorney Meranto, stated that Bunn's decision to request a withdrawal of his pleas was against the advice of counsel. The State explained that certain federal charges associated with the 09 cases had been dismissed in reliance on Bunn's guilty pleas at the state level, and thus the State opposed Bunn's plea withdrawal. Attorney Meranto stated that he believed that a plea withdrawal for the 09 cases was a mistake, as Bunn's counsel for the federal charges had informed him that the plea withdrawal may cause the federal charges to be reinstituted. Attorney Meranto further explained that his interaction with Attorney David Gerchak regarding a witness for the 09 cases had created a potential conflict, and he requested to withdraw as counsel for Bunn's 09 cases. The trial court granted counsel's request to withdraw, and appointed Attorney Melone as counsel for all three of Bunn's cases.

{¶9} On the day of the hearing, Bunn had filed a motion to withdraw guilty plea for Case No. 08 CR 742, through Attorney Melone. In his motion, Bunn alleged that his guilty plea in the present case had been contingent on the "global resolution" of all of the cases pending against him. Bunn argued that being permitted to withdraw his plea in 09 CR 485 but not 08 CR 742 would frustrate his intent in entering the plea agreement. At the hearing, Attorney Melone stated that Bunn's decision to withdraw his plea for the 08 case was against the advice of counsel. The State opposed the plea withdrawal as being groundless and filed at the last minute. The trial court took the matters under consideration and allowed the State five days to file a responsive memorandum.

{¶10} In the State's Memorandum in Opposition to Bunn's motion to withdraw his guilty plea in the present case, the State argued that the nine factors in *State v. Fish* (1995), 104 Ohio App.3d 236, 661 N.E. 2d 788, weighed against plea withdrawal, mainly

due to the prejudice against the State given the age of the case and the decreasing possibility of witness availability. Upon consideration of the parties' motions and the arguments at the hearing, the trial court denied Bunn's motion to withdraw his plea in Case No. 08 CR 742 on September 18, 2009.

{¶11} On October 9, 2009, Attorney Melone filed a motion to withdraw as counsel and a motion to appoint new counsel, explaining that Bunn had filed a motion (which is not in the record for the present case) on October 1, 2009, requesting that Attorney Melone be dismissed as counsel based on "derelict of duty." The trial court held a hearing on the matter on October 29, 2009, during which Attorney Melone explained that his relationship with Bunn had deteriorated. Additionally, the parties discussed Bunn's motion to vacate his guilty pleas for the 09 cases based on unspecified new evidence. The trial court took Attorney Melone's motion to withdraw as counsel under consideration.

{¶12} On December 4, 2009, Attorney Melone filed a renewed motion to withdraw as counsel and to appoint counsel, explaining that Bunn's request for Attorney Melone's dismissal based on "derelict of duty," as well as the fact that Bunn had filed a grievance with the Mahoning County Bar Association on November 17, 2009, accusing him of inadequate representation. On December 4, 2009, Attorney Melone also filed a second motion to withdraw Bunn's guilty plea in the present case as well as renewing the motion for the 09 cases. The brief in support mainly discussed Bunn's motivation for withdrawing his plea in the 09 cases, as discussed earlier, involving related federal charges and newly discovered evidence. Bunn argued that the timing of his guilty plea for the 08 charge proved that his plea was conditioned on the "global resolution" of all three of his cases.

{¶13} The State's December 15, 2009 motion in opposition argued that the *Fish* factors still weighed heavily against plea withdrawal. The State noted that the alleged new evidence for the 09 cases consisted of written statements from two witnesses, submitted to the state at Bunn's request, containing information already known to Bunn at the time of his plea. The State further urged that plea withdrawal in the 08 case would clearly prejudice the State because it is almost eighteen months old, with diminishing availability of evidence.

**{¶14}** At the December 15, 2009 hearing on all pending motions, Attorney Melone again explained the deterioration in his relationship with Bunn, and stated: "I don't believe that I can continue to represent him, and for that reason I filed a motion to withdraw as counsel. I explained to him that I did file the motion to vacate his plea prior to withdrawing as counsel. He has asked to be permitted to address the court with regard to that motion, should the court grant my motion to withdraw as counsel. * * * But I would ask that I be immediately permitted to withdraw as counsel, and if Mr. Bunn wishes to proceed pro-se, then that the court give him that opportunity, if the court deems it necessary." The trial court granted counsel's motion, and then asked, "Mr. Bunn, what do you have to say about your motion to withdraw your guilty plea?" Bunn then discussed his claim of innocence in the 09 cases, based on a confession of another individual. Regarding his 08 case, Bunn stated that his codefendant, Lamont Jones, entered a plea to the same crimes that are being charged against Bunn, namely kidnapping, felonious assault, and possession of the gun. The State responded that Jones did enter a plea regarding the same incident, but that he was accused of being an accomplice with Bunn as the principal offender. The trial court decided to vacate Bunn's pleas in the 09 cases, refused to vacate his plea in the 08 case, and appointed Attorney Michael Gollings as new counsel.

**{¶15}** On December 21, 2009 the trial court held a sentencing hearing, at which Bunn was represented by Gollings. On the day of the hearing, Bunn had filed a pro-se renewed motion to withdraw guilty plea, his third such motion, arguing that the trial court violated Bunn's due process rights by allowing him to argue his previous motion without the assistance of counsel at the December 15, 2009 hearing. Bunn also argued in his motion that the 08 case should be dismissed because Lamont Jones, Jr. had already pleaded guilty to the same felonious assault charge, and because the victim had not been able to identify Bunn in the police photograph array. At the hearing, the trial court first heard counsel's argument regarding the third motion to withdraw guilty plea, dismissed it, and proceeded to sentencing. The State maintained its recommendation of a four-year prison sentence from the original plea deal. When invited to address the court, Bunn argued that he had only agreed to the plea deal because he believed he would receive a

four-year sentence as punishment for all of his charges, not just the present case. Bunn also repeated that the witness had been unable to identify him, and his codefendant had already been convicted for being in possession of the firearm used to commit the felonious assault. The trial court stated that it had considered the pre-sentence investigation report, as well as R.C. 2929.11 and R.C. 2929.12, and imposed a sentence of seven years.

**Withdrawal of Guilty Plea**

{¶16} In his first of two assignments of error, Bunn asserts:

{¶17} "The trial court acted unjustly and unfairly when failing to grant Mr. Bunn's motions to withdraw his guilty plea."

{¶18} Bunn raises the same grounds raised before the trial court to argue that his motion should have been granted. Pursuant to Crim.R. 32.1, a defendant may move to withdraw his guilty plea before his sentence is imposed. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. At the same time, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. A defendant is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.

{¶19} This court has previously stated that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 2000-Ohio-2638, 746 N.E.2d 197. See, also, *Fish* at supra No one of these factors is conclusive. *Cuthbertson* at 899.

{¶20} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Reed*, 7th Dist. No. 04 MA 236, 2005-Ohio-2925, at ¶7, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, at paragraph two of the syllabus. A trial court's decision "to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court," and thus will not be disturbed by a reviewing court absent an abuse of discretion. *Xie* at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.

{¶21} Upon consideration of the nine factors of *Cuthbertson*, the trial court's decision to deny Bunn's motion to withdraw his guilty plea was not an abuse of discretion. First, in reliance on Bunn's guilty plea for the felonious assault charge, the State moved to dismiss the charges of kidnapping and having a weapon while under disability, which the trial court granted on May 29, 2009. More than two months elapsed between Bunn's plea and his initial oral motion indicating that he wanted to withdraw his plea, and over three months elapsed by the time Bunn filed his first plea withdrawal motion for the present case. The State noted that, subsequent to Bunn's plea, the victim had moved, the State had not been in contact with the witnesses, and the risk of witness unavailability was high. The State alleged in its motions in opposition that the availability of witnesses, including the victim, was becoming more tenuous the further the case moved past its inception in 2008. Thus, the State would be prejudiced by the delay between a defendant's plea and his request for withdrawal. See *State v. Kennedy*, 7th Dist. No. 07 MA 9, 2008-Ohio-1538, at ¶23-24.

{¶22} As for the second factor, Bunn argues that he did not receive reasonable representation because he was required to argue pro-se at the December 15, 2009 hearing on his second plea-withdrawal motion. However, as discussed in detail below, Bunn requested that he be allowed to personally address the court regarding his second plea-withdrawal motion, and therefore his due process rights were not violated. Further,

the various attorneys assigned to Bunn's case provided adequate representation. Third, Bunn does not argue that his original Crim.R. 11 plea hearing was inadequate in any way. The record reflects that the trial complied with the requirements of Crim.R. 11 in its colloquy with Bunn, and that Bunn's plea of guilty was voluntary, knowing and intelligent.

**{¶23}** As for the fourth and fifth factors, Bunn's sole argument is that the trial court's consideration of his three plea withdrawal motions, as well as the hearings thereon were prejudicially insufficient because Bunn was forced to argue pro-se at the hearing on his second plea withdrawal motion. Again, this argument is meritless. The record reveals that the trial court addressed all three of Bunn's plea withdrawal motions at hearings. The trial court inquired rather extensively of counsel and Bunn regarding his first two requests to withdraw his guilty plea. The trial court also heard counsel's argument regarding Bunn's pro-se filing of a third motion, before conducting the sentencing hearing. The trial court provided Bunn with ample opportunity to argue the merits of his request to withdraw his plea, and provided full consideration to the request.

**{¶24}** Sixth, Bunn does not argue whether the timing of his plea withdrawal motion was reasonable. Bunn waited until the day of sentencing to voice his desire to withdraw his plea. At the inception of his August 6, 2009 sentencing hearing, Bunn orally moved to cancel the hearing, and the trial court granted 10 days to file his first plea withdrawal motion. Similarly, Bunn filed his third motion on December 21, 2009, the date set for his sentencing on the 08 case. The timing of Bunn's motion was unreasonable, weighing against plea withdrawal. See *State v. Williams*, 7th Dist. No. 09-MA-74, 2010-Ohio-1292, at ¶33.

**{¶25}** As for the seventh factor, Bunn's reasons for his plea-withdrawal motion were not very compelling. Although Bunn argues on appeal that he requested withdrawal based on claims of innocence, Bunn did not actually proclaim his innocence regarding the felonious assault charge. Bunn repeatedly proclaimed his innocence regarding the 09 cases, which are not at issue here. The record does not reflect the same statements being made about Bunn's 08 case. Bunn did argue that some of the evidence against him was weak. Specifically, he stated that the victim failed to identify him in the police

photo array, and that Lamont Jones, Jr. had allegedly entered a plea for kidnapping, felonious assault, and possession of the gun. The victim's identification would have been known to Bunn at the time of his plea, thus it does not justify withdrawal.  Although the details of Jones's plea are not contained in this record, the State noted during the December 15, 2009 hearing that Jones did plead guilty to charges arising from the same incident, but that Jones had been charged as an accomplice with Bunn as the principal. The existence of Jones's plea is either irrelevant or deleterious to Bunn's argument.  More important, claiming evidence against a defendant is weak is not the same as claiming the defendant is innocent.

{¶26}  Additionally, Bunn's main reason for requesting a withdrawal of his guilty plea was that the plea had been based on the understanding that the 08 plea agreement was part of a package plea deal with the State for all three cases, and that allowing him to withdraw his pleas in the 09 cases, but not the 08 case, frustrated his intent in entering the plea.  Bunn pleaded guilty to the charge of felonious assault in exchange for the State's agreement to dismiss the remaining two charges and recommend a four-year sentence.  By the time Bunn was sentenced, the additional two charges were dismissed, and the State recommended a four-year sentence, so Bunn received the benefit of his original bargain.

{¶27}  However, at Bunn's original plea hearing, the prosecutor and Bunn's attorney for the 08 case both signed and submitted a joint recommendation of sentence of four years, noting that the State would recommend that the sentence be served concurrently with the sentences imposed in the 09 cases.  The failure of a promise to recommend concurrent sentencing is the only potentially valid reason that Bunn has presented supporting withdrawal.  However, that portion of the bargain did not fail because the State breached the plea agreement; it was a consequence of Bunn's actions.  A defendant's failure to follow the terms of a plea agreement relieves the State of its obligations under the terms.  See *State v. Vincent*, 4th Dist. No. 02CA2672, 2003-Ohio-2591, at ¶13.

{¶28}  Eighth, Bunn does not argue that he did not understand the nature of the

charges and potential sentences. The record reflects that Bunn was given a full explanation of the felonious assault charge, its sentencing range, and he indicated that he understood that the trial court had the discretion to disregard the recommended sentence. Ninth, Bunn does not argue that there was a complete defense to his felonious assault charge. Bunn did argue that he had legitimate reasons to withdraw his plea based on his innocence, but again, the record does not reflect that Bunn asserted his innocence as the reason for the withdrawal of his plea for the 08 case. Instead, Bunn's claim of innocence was raised only in the context of the 09 cases against him.

{¶29} The trial court heard Bunn's arguments on his three plea-withdrawal motions during multiple hearings, and was in the best position to determine the weight of the assertions in support of his motions. Given all of the foregoing, the *Cuthbertson* factors weigh against Bunn's motions. Therefore, the trial court did not abuse its discretion when it denied Bunn's motions to withdraw his guilty plea. Accordingly, Bunn's first assignment of error is meritless.

### Waiver of Right to Counsel

{¶30} In his second assignment of error, Bunn asserts:

{¶31} "The trial court erred by requiring Mr. Bunn to proceed pro-se without securing a knowing, voluntary, and intelligent waiver of the right to counsel."

{¶32} Bunn argues that his constitutional right to the effective assistance of counsel was violated when he was forced to present a pro-se argument at the hearing for his second of three motions to withdraw his guilty plea. The State argues that no constitutional deprivation occurred because the portion of the hearing during which Bunn argued pro-se was not a critical stage of his proceedings, and Bunn's rights were not prejudiced. There are three parts to this issue. First, did the trial court substantially comply with Crim.R. 44 before allowing Bunn to proceed pro-se? Second, if it did not, was this a crucial proceeding where the constitutional right to counsel attached? Third, if it was, did Bunn suffer prejudice as a result?

{¶33} The resolution of this assignment of error turns on the issue of prejudice. Because we conclude Bunn was not prejudiced when he proceeded pro se on his *second*

motion to withdraw his guilty plea, which had been filed by counsel, as he was represented by counsel for his *third* motion, we need not address the remaining two issues.

{¶34} When a criminal defendant goes through a stage in his proceedings without the assistance of counsel, such a constitutional error may not be reversible if it was harmless beyond a reasonable doubt. See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶18, citing *Chapman v. California* (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705. A constitutional error may be harmless if it did not affect the defendant's substantial rights. Crim.R. 52(A).

{¶35} As explained by the Ohio Supreme Court in the context of arraignment, when a defendant goes through a portion of his proceedings without the representation of counsel, and "the subsequent appointment of counsel to act on his behalf places the accused, for practical legal purposes, in the same position he was in" before that portion of the proceedings, then the defendant's due process rights have not been prejudiced. *Dean v. Maxwell* (1963), 174 Ohio St. 193, 196-197, 22 O.O.2d 144, 187 N.E.2d 884.

{¶36} Bunn was left in the same position after the December 15, 2009 hearing that he was in prior to that hearing. Before the hearing, he had been represented by counsel and his guilty plea was still of record as his *first* motion to withdraw his guilty plea, *filed and argued by counsel*, had been denied. During the hearing, counsel's motion to withdraw was granted; and then, *at his request,* Bunn argued his *second* motion pro se. After the trial court considered and then denied Bunn's second motion, counsel was appointed. Thus, after the hearing, Bunn was represented by counsel and his guilty plea was still of record because his *second* motion to withdraw was denied.

{¶37} Further, the December 15, 2009 hearing did not result in any decision that was detrimental to Bunn's case. His second motion which had been filed by counsel and supported by a memorandum of law, was argued pro se by Bunn at his request, and considered on its merits not merely as a successive motion. Nor was Bunn penalized for his pro-se appearance; Bunn's third plea-withdrawal motion, although filed pro se, was addressed by the trial court on December 21, 2009 while Bunn was represented by

counsel on its merits, again, not merely as a successive motion.

**{¶38}** During the minutes between the dismissal of prior counsel and appointment of new counsel, the trial court allowed Bunn to argue his second motion pro se, *as Bunn requested.* Thus, the trial court provided Bunn with the fullest opportunity to present his argument in support of vacating his guilty plea. This case involved repetitive motions and Bunn was represented by counsel on the first, and the third motions. Moreover, the second motion, although *argued* pro se, had been drafted and filed by counsel. Accordingly, Bunn's second assignment of error is meritless.

**{¶39}** In conclusion, the trial court did not abuse its discretion by denying Bunn's plea-withdrawal motions, as Bunn's justification for withdrawal was not strong, and the potential prejudice to the State was considerable. Nor was Bunn prejudiced when the trial court permitted Bunn to present a pro-se argument in support of his second plea withdrawal motion, as he had been represented by counsel for his first motion, the second had been drafted by counsel, and more importantly, had been represented by counsel at the hearing on his third motion. Accordingly, Bunn's assignments of error are meritless and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.