[Cite as *State v. Strickland*, 2014-Ohio-5451.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    25673

v.                                               :            T.C. NO.    12CR2249

CARL A. STRICKLAND                               :              (Criminal appeal from
                                                                Common Pleas Court)

    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____12th_____ day of _____December_____, 2014.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

REBEKAH S. SINNOTT, Atty. Reg. No. 0072093, 115 N. Main Street, Suite F, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   Carl Strickland appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his presentence motion to withdraw his guilty plea.  For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for a new hearing on Strickland's motion to withdraw his plea.

## I.   Procedural History

{¶ 2}   Strickland was originally indicted on aggravated burglary with a deadly weapon (handgun), and counsel was appointed to represent him.  Defense counsel notified the State that Strickland would agree to plead guilty in exchange for the State's agreement to a one-year prison term.  The State rejected the offer and countered with an offer that Strickland plead guilty to burglary with a sentence of three years.  Strickland rejected the State's offer.  Strickland was subsequently reindicted on aggravated burglary with a firearm specification.[1]  Prior to trial, the State was willing to drop the firearm specification and agree to a three-year sentence, but Strickland did not accept that offer.  The matter proceeded to a jury trial.

{¶ 3}   At the beginning of the third day of trial, Strickland expressed to his trial counsel that he wished to enter a plea.  The State informed Strickland's counsel that its last plea offer was no longer available.  Strickland and the State later agreed that Strickland would plead guilty to the charged offense of aggravated burglary with a firearm specification, and that there would be no agreement on sentencing.  Strickland entered a

---

[1]There are some discrepancies in the record about when certain plea offers were made in relation to the reindictment.  These discrepancies are not material to our discussion.

guilty plea on January 10, 2013. The matter was referred for a presentence investigation and sentencing was scheduled for January 23, 2013.

{¶ 4} On January 23, 2013, prior to sentencing, Strickland orally moved to withdraw his plea.[2] The court continued the hearing, and on January 30, 2013, Strickland, through his counsel, filed a written motion stating that, "[a]s a basis for his request, Defendant has indicated that he was not afforded a preliminary hearing."

{¶ 5} On February 4, 2013, the trial court held a hearing on the motion to withdraw the plea. Before addressing that motion, the court spoke with Strickland about a statement he had made on January 23 about hiring a new attorney. Strickland responded that his mother was supposed to contact another attorney, who would be hired to assist his defense counsel. Neither Strickland's mother nor the attorney she was supposed to contact was present at the February 4 hearing. The court determined that it would proceed with the hearing with Strickland's defense counsel, who was present.

{¶ 6} Defense counsel called Strickland as a witness for the motion to withdraw his plea, and Strickland testified that he had wanted to have a preliminary hearing so that he could have pled to a bill of information and received a favorable plea offer. Strickland indicated that he wanted a deal for one year in prison; he would not agree to let his counsel counteroffer for two years. Strickland did not remember the State's offer of three years in prison. On cross-examination, Strickland testified that he was unhappy with the plea to which he had agreed. He further stated that he did not understand that he was waiving his

---

[2] The January 23, 2013 hearing was not transcribed, or it at least is not part of the record before us, but the trial court reiterated what had occurred on January 23 at the beginning of the February 4, 2013 hearing.

right to appeal certain issues by pleading guilty; he acknowledged that the trial court went over the constitutional rights that he was waiving by entering a guilty plea, that he understood that a guilty plea was a complete admission of guilt, and that he was informed of the possible penalties.

{¶ 7}   Defense counsel told the court that he had no further witnesses, and the State indicated that it had no witnesses.   At that juncture, the trial court stated that it "need[ed] to inquire of counsel * * * concerning his representation of Mr. Strickland, as required by the rules of criminal procedure in the court cases."   The court stated that it would try to stay away from attorney-client privilege, but it asked Strickland if he were willing to waive any attorney-client privilege if defense counsel testified.   Strickland responded, "No, I don't waive it."   The court asked Strickland and defense counsel to let the court know if they "object[ed] to any area that you think is attorney/client privilege * * * and we'll decide at that point in time whether or not it is."   The court then called Strickland's defense counsel as a witness and questioned counsel about counsel's experience as a criminal defense attorney and the plea offers that had been conveyed to Strickland.   No objections were made.   The court offered the State an opportunity to cross-examine defense counsel, but the prosecutor declined.

{¶ 8}   Approximately two weeks later, in a written decision, the trial court denied Strickland's presentence motion to withdraw his plea.   The court noted that a change of heart is not sufficient justification to permit the withdrawal of a guilty plea.   The court further found that (1) the State would not be prejudiced by the withdrawal of the plea, (2) Strickland was afforded competent counsel, (3) Strickland understood the nature of the

charges and the potential penalties, (4) the court had a full and extensive Crim.R. 11 hearing with Strickland, (5) Strickland was given a full and extensive hearing on his motion to withdraw his plea, (6) the timing of Strickland's motion was unreasonable, (7) the reasons for Strickland's motion were not persuasive, and (8) Strickland did not assert his innocence, he was not "perhaps not guilty," and he did not have a complete defense to the charge.

{¶ 9} The trial court subsequently sentenced Strickland to six years in prison for the aggravated burglary and three years for the firearm specification, to be served consecutively and prior to the aggravated burglary sentence. Strickland was ordered to pay $800 in restitution, $419.99 in extradition costs, and court costs.

{¶ 10} Strickland appealed from his conviction. Strickland's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth one potential assignment of error, namely that the trial court erred in denying Strickland's motion to withdraw his plea. By entry, we informed Strickland that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. Strickland submitted a letter, which we construed to be his pro se brief. Upon our independent review, we found a potentially meritorious issue related to the court's calling defense counsel as a witness, and we appointed new appellate counsel.

{¶ 11} Strickland, with new appellate counsel, presents one assignment of error.

## II. Denial of the Effective Assistance of Counsel

{¶ 12} Strickland's assignment of error states:

DEFENDANT CARL STRICKLAND WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE HEARING ON HIS MOTION TO WITHDRAW GUILTY PLEA.

{¶ 13} The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees that an accused in a criminal case shall enjoy the right to have the assistance of counsel for his defense. *State v. Sapp*, 2d Dist. Clark No. 99 CA 84, 2002-Ohio-6863, ¶ 42, citing *McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). The right to counsel attaches once adversarial judicial criminal proceedings have commenced and continues through all critical stages of the criminal proceeding. *See United States v. Wade*, 388 U.S. 218, 224-225, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *State v. Schleiger*, __ Ohio St.3d __, 2014-Ohio-3970, __ N.E.3d __, ¶ 13.

{¶ 14} Crim.R. 44(A) reiterates this right to counsel, stating that "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."

{¶ 15} "[A] criminal defendant is entitled to appointed counsel to represent him at a hearing on a motion to withdraw a plea, where the motion was made prior to sentencing, because appellant was entitled to counsel 'through each critical stage of the proceeding.'" *State v. Meadows*, 6th Dist. Lucas No. L-05-1321, 2006-Ohio-2622, ¶ 11, quoting *State v. Dellinger*, 6th Dist. Huron No. H-02-007, 2002-Ohio-4652, ¶ 12; Crim.R. 44; *see also, e.g.,*

*Brunsen v. Nevada*, Nev. No. 50830, 2009 WL 3191711 (Nev.2009) ("A hearing on a motion to withdraw a guilty plea is a critical stage of litigation, and a defendant therefore has a right to counsel at the hearing."); *Kansas v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999); *Stephens v. Florida*, 141 So.3d 701, 702 (Fla.App.2014); *United States v. Sanchez-Barreto*, 93 F.3d 17 (1st Cir.1996); *Forbes v. United States*, 574 F.3d 101 (2d Cir.2009); United States v. Garrett, 90 F.3d 210, 212 (7th Cir.1996).

{¶ 16} In general, we review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* In this regard, the State argues that even if there were ineffective assistance, there was no prejudice.

{¶ 17} However, when the alleged ineffectiveness of counsel is based on an allegation that defense counsel had an actual conflict of interest, a different standard applies.

* * * In those cases, where counsel has breached his duty of loyalty to his client and his duty to avoid conflicts of interest, the defendant is not required to show that he or she has been prejudiced by counsel's deficient

performance. *Strickland*. Rather, prejudice is presumed if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. *Id.*, at 692, quoting *Cuyler v. Sullivan* (1980), 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333.

In *Cuyler*, the Supreme Court described a conflict of interest as a "struggle to serve two masters." *Id.*, at 349. The possibility of a conflict of interest exists when counsel has a reason to further or serve interests that are different from those of his client. An actual conflict of interest exists when counsel is actively representing, furthering, or serving those other interests (that are different from those of his client).

*State v. Cranford*, 2d Dist. Montgomery No. 23055, 2011-Ohio-384, ¶ 61-62.

{¶ 18} On appeal, Strickland claims that he was denied the effective assistance of counsel in two respects. First, he asserts, in essence, that his counsel did not act as an advocate for him during his testimony at the hearing on the motion to withdraw his plea. Strickland states that it became apparent during his testimony that he (Strickland) was challenging trial counsel's representation of him during plea negotiations, which turned direct questioning of him by his counsel into an "adversarial conversation." Strickland states in his brief, "Mr. Strickland's counsel has been placed in the position of attempting to represent his client while at the same time feeling the need to defend himself from his client's claims that counsel's ineffective assistance necessitated a withdrawal of Mr. Strickland's guilty plea." Second, Strickland asserts that he was further denied conflict-free

counsel at the hearing when the trial court called defense counsel to testify at the hearing.

{¶ 19}  In its brief, the State responds that defense counsel's representation of Strickland was not at issue at the hearing.  It states that the sole basis for Strickland's request to withdraw his guilty plea was that he did not receive a preliminary hearing and was unhappy that he faced a minimum of six years in prison (three years for the offense and three for the firearm specification).  The State argues that defense counsel's questioning of Strickland "was in an effort to jog his memory about what they had discussed when Strickland could not remember specifics about the State's offer."  The State does not address whether the trial court's calling defense counsel as a witness created an actual conflict of interest.

{¶ 20}  We need not determine whether defense counsel's examination of Strickland became adversarial, because we conclude that the trial court's examination of defense counsel, without affording Strickland new counsel, violated Strickland's Sixth Amendment rights.

{¶ 21}  As stated above, after cross-examination of Strickland by the prosecutor, the trial court indicated that it needed to inquire of defense counsel concerning his representation of Strickland.  Because Strickland would not waive attorney-client privilege, the court told Strickland and his attorney to inform the court if either believed any area of the court's questioning involved privilege.

{¶ 22}  Defense counsel was placed under oath, and the trial court asked counsel about the nature of his law practice, the kinds of criminal cases he had handled, and whether he had previously handled felonies of the first and second degree, including burglary cases

and those involving firearm specifications. The court then questioned counsel about Strickland's case, as follows:

Q: And was there discovery provided to you by the State in this case?

A: Yes, there was.

Q: And do you believe you received all the discovery the State had?

A: Yes, I do.

Q: And did you review that and review it with your client?

A: I reviewed it with him as well as provided him a copy of it at the jail.

Q: And you did that prior to the decision to go to trial in this matter; is that correct?

A: Yes.

Q: Now, Mr. Strickland seemed to be a little bit confused about offers that were conveyed to him. Would you please state to the best of your recollection what offers were relayed by the State and what you relayed to Mr. Strickland, please.

A: Sure. I believe from the get-go, the very first deal that was ever even mentioned by the State was to plead guilty to the aggravated robbery. The gun – aggravated burglary, excuse me. The gun spec was not even a part of the indictment at that point. The offer was to plead to that charge and receive three years, which was conveyed to Mr. Strickland early on. At some point, he did give me authorization to take back one year perhaps to do maybe a burglary F-3, something of that nature, which was rejected. And then the

gun spec was made part of the indictment. And I believe that the State was still willing at that point prior to trial to not go forward on the gun spec, to drop that charge and allow Mr. Strickland to do three years on an aggravated burglary, which was, again, conveyed to him. Then we proceeded to trial.

Q: And the – there was a two-day jury trial and were starting in our third day. And it's my understanding based on my recollection that you approached the State in regards to a plea in this case by virtue of a request of your Defendant. I think we put that on the record previously; is that correct?

A: That is correct. On Thursday morning, the third day of trial prior to receiving testimony, that was discussed between me and my client and I went to [the prosecutor].

Q: And not to get into a law school exam here, but you're aware of the potential penalties for a felony of the first degree and aggravated burglary in a firearm specification; is that correct?

A: Yes.

Q: And were you willing to continue on with the trial that was started in this matter and represent Mr. Strickland throughout the trial?

A: Yes, I was. I was actually throughout the case and especially when trial started, I got into the mode where I was very willing and vigorously defending Mr. Strickland. I did a lot of work for him prior to trial and even during the trial to present the best defense I could for him.

THE COURT: [Prosecutor], do you have any inquiry?

[PROSECUTOR]: I don't, Judge. Thank you.

THE COURT: Thank you, [defense counsel], you can step down.

Strickland was not provided an opportunity to question his attorney.

{¶ 23} It appears that the trial court questioned defense counsel regarding his experience in criminal matters and his actions in Strickland's case to determine whether Strickland was represented by competent counsel and whether Strickland's claim that he could have gotten a better deal had merit. We have stated that, in reviewing a trial court's decision on a defendant's motion to withdraw his plea filed before sentencing, we apply the following factors: (1) the accused was represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused was given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. *State v. Maddickes*, 2d Dist. Clark No. 2013 CA 7, 2013-Ohio-4510, ¶ 15, citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980). The trial court's written decision denying Strickland's motion discussed defense counsel's testimony in its analysis of whether Strickland was afforded competent counsel throughout his case, and the court concluded that Strickland received "excellent, competent representation."

{¶ 24} We understand the court's desire to obtain additional information about defense counsel's experience and the plea communications in order to thoroughly and expeditiously address Strickland's motion to withdraw his plea. We further recognize that Strickland's motion was originally based on his failure to have a preliminary hearing, but, through Strickland's testimony, it turned into a question of the effective assistance of

counsel. Thus, the written motion provided no notice to the court that substitute counsel might be needed and, since counsel did not raise ineffective assistance and seek to withdraw, there is no indication that counsel anticipated that Strickland's testimony would address defense counsel's actions during plea negotiations.

{¶ 25} However, in our view, the trial court's calling defense counsel as a witness placed counsel in the difficult and unexpected position of having to testify against his client, rather than act as Strickland's advocate. As stated in *New York v. Santana*, 156 A.D.2d 736, 550 N.Y.S.2d 356 (N.Y.App.Div.1989):

> The defendant's right to counsel was adversely affected when his attorney, either voluntarily or at the court's urging, became a witness against him. If the court deemed it necessary to obtain factual information from defense counsel, it should have assigned the defendant different counsel before doing so. Moreover, once counsel took a position adverse to the defendant, the court should not have proceeded to determine the motion [to withdraw defendant's plea] without first assigning the defendant new counsel.

(Citations omitted.) *Santana* at 737. "Representation by conflicted counsel is tantamount to no representation at all." *Buzman v. Sabourin*, 124 F.Supp.2d 828, 836 (S.D.N.Y.2000).

{¶ 26} We acknowledge that other Ohio appellate districts have, under some circumstances, rejected a defendant's assertion that the trial court should have appointed new counsel for a presentence motion to withdraw a guilty plea. *State v. Jones*, 8th Dist. Cuyahoga No. 95284, 2011-Ohio-2914; *State v. Bunn*, 7th Dist. Mahoning No. 10 MA 10, 2011-Ohio-1344. Both of these cases are factually distinguishable.

**{¶ 27}** In *Bunn*, the defendant argued his second motion to withdraw his plea pro se, but he was provided counsel for his third motion to withdraw his plea, which raised similar issues and was addressed on the merits. The Seventh District found no prejudice under those facts. Although *Bunn* also involved the alleged denial of the right to counsel, it has no other factual similarities to the case before us.

**{¶ 28}** In *Jones*, the defendant testified that he had been pressured by his family and counsel to accept a plea; the trial court "also heard from defense counsel, who spoke only to correct the record, and from the state." *Id*. at ¶ 5. Jones argued on appeal from the denial of his motion to withdraw his plea that his counsel effectively withdrew from representing him at the hearing and therefore, the trial court erred when it failed to sua sponte appoint new representation. *Id*. at ¶ 22. The Eighth District rejected Jones's argument, reasoning:

> In his brief, Jones cites to no legal authority requiring a trial court to first, sua sponte make a determination that trial counsel effectively withdrew from representing an accused, and second, to appoint new counsel for that defendant. Such a requirement would place an undue and impossible burden on trial court judges. Moreover, although Jones's trial counsel did not argue Jones's motion for him, that was ordered at the behest of the trial court. Jones contended that he was coerced into making the plea, and the trial court correctly recognized that his trial counsel could not be expected to argue that they had participated in doing so. Furthermore, the trial court recognized that allowing Jones's counsel to testify might provide contradictory evidence,

thereby weakening Jones's claim.

Lastly, neither Jones nor his counsel requested the court to assign new counsel to represent Jones on his motion to withdraw his guilty plea. The trial court, and his counsel, afforded Jones the opportunity to argue his motion in the same manner in which he made it, orally and pro se. Lastly, as outlined above, the trial court conducted a full and comprehensive hearing on Jones's motion to withdraw his guilty plea. We cannot now say that the trial court erred when it failed to sua sponte appoint new counsel for Jones.

*Jones* at ¶ 23-24.

**{¶ 29}** We find *Jones* to be both factually distinguishable and unpersuasive for a variety of reasons. First, unlike the present circumstances, *Jones* did not involve a situation where defense counsel was called to testify; noting that defense counsel's testimony might weaken Jones's case, the trial court did not place Jones in the situation where his attorney might present evidence against him. Second, the Eighth District did not discuss whether Jones had a constitutional right to the effective assistance of counsel at the hearing on his presentence motion to withdraw his guilty plea. The Eighth District's statement that Jones had been afforded the opportunity to raise and argue his motion pro se ignores the fact that he was represented by counsel and had a right to the effective assistance of counsel in raising his motion. *See United States v. Sanchez-Barreto*, 93 F.3d 17 (1st Cir.1996) ("The right to counsel is not contingent upon a request by the defendant; rather, 'we presume that the defendant requests the lawyer's services at every critical stage of the prosecution.'"), quoting *Michigan v. Jackson*, 475 U.S. 625, 633 & n. 6, 106 S.Ct. 1404, 1409 & n. 6, 89 L.Ed.2d

631 (1986). While we agree that Jones's counsel could not be expected to argue their own ineffectiveness, we find this supported, rather than detracted from, Jones's contention that he should have been appointed new counsel for purposes of the hearing on his motion to withdraw. Accordingly, *Jones* does not guide our determination.

{¶ 30} Under the specific facts before us, we conclude that the trial court denied Strickland the right to counsel when it called defense counsel to testify at the hearing on Strickland's motion to withdraw his guilty plea, without affording new counsel to Strickland to protect his interests while defense counsel testified. Strickland's assignment of error is sustained.

### III. Conclusion

{¶ 31} The trial court's judgment will be reversed, and the matter will be remanded for a new hearing on Strickland's presentence motion to withdraw his plea.

. . . . . . . . . .

FAIN, J., concurs.

HALL, J., concurs in judgment only.

Copies mailed to:

Kirsten A. Brandt
Rebekah S.Sinnott
Hon. Dennis J. Adkins