[Cite as *State v. Williams*, 2012-Ohio-1240.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                 :

     Plaintiff-Appellee               :                  C.A. CASE NO. 2011 CA 44

v.                                                      :                  T.C. NO.    10CR688

VINCENT A. WILLIAMS                     :                     (Criminal appeal from
                                                                            Common Pleas Court)

     Defendant-Appellant          :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ___March___, 2012.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P. O. Box 341021, Beavercreek, Ohio 45434
     Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant-appellant Vincent A. Williams appeals his conviction and sentence for one count of engaging in a pattern of corrupt activity, in violation of

R.C. 2923.32(A)(1), a felony of the first degree; one count of conspiracy to commit engaging in a pattern of corrupt activity, in violation of R.C. 2923.01(A)(2) and 2923.32(A)(1), a felony of the second degree; one count of complicity to commit trafficking in cocaine, in violation of R.C. 2923.03(A)(2) and 2925.03(A)(2), a felony of the first degree; one count of complicity to commit trafficking in marijuana, in violation of R.C. 2923.03(A)(2) and 2925.03(A)(2), a felony of the third degree; one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a felony of the first degree; one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(1), a felony of the third degree; one count trafficking in marijuana, in violation of 2925.03(A)(2), a felony of the third degree; one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the third degree; one count of money laundering, in violation of R.C. 1315.55(A)(3), a felony of the third degree; one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(2), a felony of the first degree; and one count of money laundering, in violation of R.C. 1315.55(A)(3), a felony of the third degree.

{¶ 2} Williams filed a timely notice of appeal with this Court on August 22, 2011.

{¶ 3} On December 30, 2010, Williams was indicted for one count of engaging in a pattern of corrupt activity (Count I); one count of conspiracy to commit engaging in a pattern of corrupt activity (Count II); one count of complicity to commit trafficking in cocaine, with a major drug offender specification (Count III); one count of complicity to commit trafficking in marijuana (Count IV); one count of trafficking in cocaine (Count V); one count of trafficking in marijuana (Count VI); one

count trafficking in marijuana (Count VII); one count of possession of cocaine (Count VIII); one count of money laundering (Count IX); one count of engaging in a pattern of corrupt activity (Count X); one count of money laundering (Count XI); and eighteen forfeiture specifications.

{¶ 4} On June 6, 2011, Williams pled guilty to all of the counts in the indictment and agreed to forfeit all of the items in the forfeiture specifications. In return for his guilty pleas, the State dismissed the major drug offender specification in Count III and recommended a fifteen year prison term.

{¶ 5} At the sentencing hearing on July 21, 2011, Williams was sentenced to eight years in prison on Count III and seven years in prison on Count V. The trial court ordered that the sentences be served consecutively for an aggregate sentence of fifteen years. Williams was sentenced to four years in prison on each of the remaining counts, which the trial court ordered to run concurrent to one another, as well as concurrent to the sentences imposed with respect to Counts III and V. The trial court ordered Williams to pay court costs, as well as fines in the amount of $40,000.00. The trial court informed Williams that he was subject to five years of mandatory post-release control. Williams was also ordered to pay $375.00 in lab fees and ordered to submit a DNA sample. Williams' driver's license was suspended for four years, and the trial court informed him that he would be subject to random drug testing while he was incarcerated.

{¶ 6} It is from this judgment that Williams now appeals.

{¶ 7} Williams' first assignment of error is as follows:

{¶ 8} "VINCENT WILLIAMS' SENTENCES FOR COUNTS I, II, III, V, VI,

AND X ARE CONTRARY TO LAW."

{¶ 9} In his first assignment, Williams contends that the sentences imposed by the trial court for Counts I, II, III, V, VI, and X are contrary to law. Specifically, Williams argues that the trial court erred as a matter of law when it sentenced him to non-mandatory prison terms in Counts I, II, III, V, and X, when the court was statutorily required to sentence Williams to mandatory prison terms on each of those counts. With respect to Count VI, Williams asserts that the trial court erred when it sentenced him to a mandatory prison term when the court was statutorily required to sentence Williams to a non-mandatory prison term on that count.

{¶ 10} **Count I - Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1)**

{¶ 11} R.C. 2929.13(F)(10) states that the trial court "shall impose a prison term" for "corrupt activity in violation of section 2923.32 *** when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree." It is undisputed that the most serious offense in Williams' pattern of corrupt activity was trafficking in cocaine in an amount equal to or exceeding one kilogram, a felony of the first degree with mandatory imprisonment. We also note that Williams was previously convicted of possession of cocaine, in violation of R.C. 2925.11(A), a second degree felony, in Montgomery County Case No. 2003-CR-219. R.C. 2929.13(F)(6) requires that the trial court impose a mandatory prison term for any first or second degree felony when the offender was previously convicted of a second degree felony.

{¶ 12} The record establishes that the trial court failed to impose a mandatory term of imprisonment as it was required at the sentencing hearing or in the sentencing entry filed on July 21, 2011. Instead, the trial court imposed a four-year non-mandatory term for Count I. Accordingly, the incorrect sentence is reversed, and this matter is remanded for re-sentencing with respect to Count I.

{¶ 13} **Count II - Conspiracy to Commit Engaging in a Pattern of Corrupt Activity in violation of R.C. R.C. 2923.01(A)(2) and 2923.32(A)(1)**

{¶ 14} As previously noted, R.C. 2929.13(F)(6) requires that the trial court impose a mandatory prison term for any first or second degree felony when the offender was previously convicted of a second degree felony. Because Williams was previously convicted of possession of cocaine, in violation of R.C. 2925.11(A), a second degree felony, in Montgomery County Case No. 2003-CR-219, the trial court was required to impose a mandatory prison term in the instant case for Count II, conspiracy to commit engaging in a pattern of corrupt activity, which was a felony of the second degree.

{¶ 15} The record establishes that the trial court failed to impose a mandatory term of imprisonment as it was required at the sentencing hearing or in the sentencing entry filed on July 21, 2011. Instead, the trial court imposed a four-year non-mandatory term for Count II. Accordingly, the incorrect sentence is reversed, and this matter is remanded for re-sentencing with respect to Count II.

{¶ 16} **Count III - Complicity to Commit Trafficking in Cocaine in violation of R.C. 2923.03(A)(2) and 2925.03(A)(2)**

{¶ 17} **Count V - Trafficking in Cocaine in violation of 2925.03(A)(1)**

{¶ 18} In Count III, Williams was convicted of complicity to commit trafficking in cocaine, which was a felony of the first degree because the amount of cocaine seized was "in an amount equal to or exceeding one kilogram." R.C. 2923.03(F) states that an individual convicted of complicity "shall be prosecuted and punished as if he were a principal offender." In Count V, Williams was convicted of trafficking in cocaine, a first degree felony because the amount seized was "in an amount equal to or exceeding one kilogram." R.C. 2925.03(A)(1)(C)(4)(g) states that if the amount seized "equals or exceeds one thousand grams of cocaine *** trafficking in cocaine is a felony of the first degree" for which "the court shall impose as a mandatory prison term the maximum prison term prescribed ***." At the time of these offenses, the maximum prison term for a felony of the first degree was ten years. R.C. 2929.14(A)(1).

{¶ 19} Accordingly, the trial court was required to impose a mandatory ten-year prison term for both Counts III and V. The trial court, however, incorrectly imposed an eight-year sentence for Count III and a seven-year sentence for Count V. Thus, Williams' sentences for Counts III and V are reversed, and this matter is remanded for re-sentencing.

{¶ 20} **Count VI - Trafficking in Marijuana in violation of R.C. 2925.03(A)(1)**

{¶ 21} In Count VI, Williams was convicted of trafficking in marijuana in an amount "equal to or exceeding five kilograms but less than twenty kilograms." R.C. 2925.03(A)(1)(C)(3)(e) states that the offense "is a felony of the third degree, and there is a presumption that a prison term shall be imposed."

{¶ 22} At the sentencing hearing, the trial court incorrectly imposed a mandatory four-year prison term for Count VI. Thus, Williams' sentence for Count VI is reversed, and this matter is remanded for re-sentencing.

{¶ 23} **Count X - Engaging in a Pattern of Corrupt Activity in violation of 2923.32(A)(2)**

{¶ 24} R.C. 2929.13(F)(10) states that the trial court "shall impose a prison term" for "corrupt activity in violation of section 2923.32 *** when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree." It is undisputed that the most serious offense in Williams' pattern of corrupt activity was trafficking in cocaine in an amount equal to or exceeding one kilogram, a felony of the first degree with mandatory imprisonment. Because Williams was previously convicted of possession of cocaine, in violation of R.C. 2925.11(A), a second degree felony, in Montgomery County Case No. 2003-CR-219, R.C. 2929.13(F)(6) requires that the trial court impose a mandatory prison term for any first or second degree felony when the offender was previously convicted of a second degree felony.

{¶ 25} The trial court failed to impose a mandatory term of imprisonment at the sentencing hearing or in the sentencing entry filed on July 21, 2011. Instead, the trial court imposed a four-year non-mandatory term for Count X. Accordingly, the incorrect sentence is reversed, and this matter is remanded for re-sentencing with respect to Count X.

{¶ 26} Williams' first assignment of error is sustained.

{¶ 27} Williams' second and final assignment of error is as follows:

{¶ 28} "VINCENT WILLIAMS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING."

{¶ 29} During the plea hearing on June 6, 2011, the trial court told the State that Count I, engaging in a pattern of corrupt activity and Count II, conspiracy to commit engaging in a pattern of corrupt activity, would have to merge. The State agreed with the trial court. Williams asserts that he received ineffective assistance at his sentencing hearing when his counsel failed to remind the trial court that it had already agreed at the plea hearing that Counts I and II were allied offenses, and therefore, merged.

{¶ 30} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957,

2008-Ohio-493, ¶ 31.

{¶ 31} "Generally, counsel's performance falls below the norm if he fails to advocate the defendant's cause, fails to keep the defendant informed of important developments, or fails to use the requisite level of skill necessary to ensure the integrity of the adversarial proceedings." *State v. Peeples,* 94 Ohio App. 3d 34, 640 N.E.2d 208 (4th Dist. 1994). Upon review, we find that defense counsel's performance was clearly deficient when he failed to remind the trial court of its prior ruling that Counts I and II merged. But for defense counsel's failure to point out that the trial court and the State had previously agreed that the counts merged, there is a reasonable probability that the trial court would have properly merged Counts I and II. Thus, we conclude that the record establishes that Williams' counsel's performance at the sentencing hearing was deficient, and the sentences imposed regarding Counts I and II are reversed. Upon re-sentencing Williams, the trial court should merge these counts.

{¶ 32} We also note that the State asserted that if this matter were remanded for re-sentencing on Counts III and V, the trial court would have to run the two mandatory ten-year terms consecutively, for an aggregate prison term of at least twenty years. The State's assertion in this regard is incorrect.

{¶ 33} Williams' final argument is that his counsel was deficient for failing to request a hearing in order to determine whether any of the remaining counts merged. In light of the sparse record before us in this regard, we agree and find that the trial court should have, at a minimum, conducted a hearing to determine whether any of the remaining counts are subject to merger. Accordingly, this

matter is remanded for a hearing to decide that issue.

{¶ 34}   Williams' final assignment of error is sustained.

{¶ 35}   In light of the foregoing, Williams' sentences with respect to Counts I, II, III, V, VI, and X are reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Nathaniel R. Luken
Robert Alan Brenner
Hon. Stephen A. Wolaver

Case Name:          *State of Ohio v. Vincent A. Williams*
Case No.:            Greene App. No. 2011 CA 44
Panel:        Donovan, Froelich, Hall
Author:              Mary E. Donovan
Summary: