[Cite as *State v. Coppock*, 2017-Ohio-2881.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

STATE OF OHIO                                          :
                                                       :
    *Plaintiff-Appellee*                               :      Appellate Case No. 2016-CA-17
                                                       :
v.                                                     :      Trial Court Case No. 2016-CR-245
                                                       :
LORA K. COPPOCK                                        :      (Criminal Appeal from
                                                       :      Common Pleas Court)
    *Defendant-Appellant*                              :
                                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of May, 2017.

. . . . . . . . . . .

RYAN C. SPITZER, Atty. Reg. No. 0093515, Assistant Miami County Prosecutor, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, P.O. Box 10124, Dayton, Ohio 45417
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Lora K. Coppock, appeals from the trial court's decision to accept her plea of guilty on one count of aggravated possession of a controlled substance, a fifth degree felony in violation of R.C. 2925.11(A) and (C)(1)(a). Coppock argues that the court should not have accepted her plea because mental and physical illnesses prevented her from making a knowing, intelligent choice to waive her right to a trial. Having reviewed the transcript of Coppock's plea colloquy, we find that the trial court complied with Crim.R. 11, and that Coppock understood the nature of the charge against her, the consequences of pleading guilty and the constitutional rights she was waiving. We therefore affirm the judgment of the trial court.

### I. Facts and Procedural History

{¶ 2} On April 26, 2016, an officer with the Tipp City Police Department arrested Coppock following a traffic stop. Coppock's arrest led to the opening of Miami County Municipal Court Case No. 2016 CRA 01433, in which she was charged with two violations of R.C. 2925.11(A): possession of one unit dose of 3,4-methylenedioxymethamphetamine ("MDMA"); and possession of 0.3 grams of crack cocaine.[1] In the municipal court, Coppock waived her rights to prosecution by indictment and a preliminary hearing, and on or about May 10, 2016, her case was bound over to the Miami County Court of Common Pleas.

{¶ 3} Coppock appeared for arraignment in the common pleas court on June 27, 2016. She again waived indictment, and in exchange for the State's dismissal of the charge of possession of crack cocaine, she agreed to plead guilty to the charge of

---

[1] MDMA is more commonly known by its street name, "ecstasy."

aggravated possession of MDMA.[2]   At Coppock's sentencing hearing on August 30, 2016, the common pleas court sentenced her to serve a prison term of nine months. Coppock filed her notice of appeal to this court on September 27, 2016.

## II. Analysis

**{¶ 4}** For the first of her two assignments of error, Coppock argues that:

THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S PLEA OF GUILTY WHEN DEFENDANT EXPRESSED TO THE COURT THAT SHE WAS SUFFERING FROM MENTAL AND PHYSICAL ILLNESSES WHICH IMPACTED HER UNDERSTANDING OF THE BILL OF INFORMATION AND THE WAIVER OF INDICTMENT, THEREBY VIOLATING HER CONSTITUTIONAL RIGHTS.

**{¶ 5}** Crim.R. 11(C) "governs the process that a trial court must use before accepting a felony plea of guilty or no contest."  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8.   Before "accepting a guilty * * * plea, the court must make the determinations and give the warning required by Crim.R. 11(C)(2)(a) and (b)," as well as "notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)."  *Id.* at ¶ 13.   To "satisfy the requirements of due process, a plea of guilty * * * must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much.   *State v. Chessman*, 2d Dist. Greene No. 03 CA 100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);

---

[2] This agreement had apparently been negotiated before the case was bound over to the common pleas court.  Tr. of Proceedings 2-3, June 27, 2016.  The information filed in the common pleas court specified a charge of aggravated possession of drugs under R.C. 2925.11(A) and (C)(1)(a), presumably based upon the amount of MDMA recovered from Coppock at the time of her arrest.  See R.C. 2925.11(C)(1)(a)-(e).

*see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13.

{¶ 6} Crim.R. 11(C)(2)(a) requires that a court determine whether a "defendant is making [a] plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions."   During Coppock's plea colloquy on June 27, 2016, the trial court verified that Coppock voluntarily chose to enter into her plea agreement, that she understood the charges and the maximum penalty at stake, and advised her about community control sanctions and post release control.   Tr. of Proceedings, 9-11, 14-15 and 17, June 27, 2016.   Thus, we conclude that the trial court complied with the requirements of Crim.R. 11(C)(2)(a).

{¶ 7} Under Crim.R. 11(C)(2)(b), a court must ascertain whether a defendant "understands the effect of [a] plea of guilty * * *, and [advise the defendant] that the court, upon acceptance of the plea, may proceed with judgment and sentence."   The trial court twice informed Coppock that "if [she] plead[ed] guilty, [it would] enter a judgment of guilt against [her] and * * * could [have] proceed[ed] to sentencing" at that time.   Tr. of Proceedings 12-14.   Furthermore, the court advised Coppock of the maximum prison sentence and fine that could be imposed; the possibility of community control; the potential penalties for violating community control; the possibility of post release control; the penalties that could result from violating post release control; and the potential for suspension of her driver's license.   *Id.* at 14-18.   We find accordingly that the trial court complied with the requirements of Crim.R. 11(C)(2)(b).

{¶ 8} Pursuant to Crim.R. 11(C)(2)(c), a court must inform a defendant that by

entering a plea of guilty, "the defendant is waiving [her] rights to [a] jury trial, to confront witnesses against * * * her, to have compulsory process for obtaining witnesses in [her] favor, and to require the state to prove [her] guilt beyond a reasonable doubt at a trial at which [she] cannot be compelled to testify against * * * herself." At Coppock's plea colloquy, the court advised her as follows:

THE COURT: Let's review some of [the] constitutional rights that you're waiving as a result of entering [a] guilty plea. Do you understand that you have a right to a trial by a jury of twelve persons, ma'am?

MS. COPPOCK: Uh huh.

THE COURT: Do you understand that at [such a] trial[,] the State of Ohio would have to prove your guilt beyond a reasonable doubt as to each and every element of the crime charged?

MS. COPPOCK: Yes.

THE COURT: Do you understand that your attorney would have the right to confront and cross examine any witnesses that would testify against you * * *?

MS. COPPOCK: Yes.

THE COURT: Do you understand that after—you would also have this right to compul—the right of compulsory process? That's when the [c]ourt would compel and require witnesses to attend the trial on your behalf by issuing subpoenas.

MS. COPPOCK: Why? Okay, yeah.

THE COURT: Okay. Do you understand that you can't be forced to

testify against yourself at trial, and if you elect not to, your silence can't be used against you?

MS. COPPOCK: Yes.

THE COURT: Okay. Do you also understand you have a right to appeal this [c]ourt's decision, and [that] any appeal must be filed within thirty days after you are sentenced, ma'am?

MS. COPPOCK: Yes.

THE COURT: I didn't hear you.

MS. COPPOCK: Yes.

THE COURT: And do you understand that if you can't afford an attorney or pay for the cost of the appeal, an attorney would be appointed to represent you, and the cost of the appeal would be paid by public funds?

MS. COPPOCK: Yes.

Tr. of Proceedings 18-19. As this exchange demonstrates, the trial court fully advised Coppock of the constitutional rights she would waive by pleading guilty. Consequently, we hold that the court complied with the requirements of Crim.R. 11(C)(2)(c).

{¶ 9} Coppock argues in her brief that she did not intelligently, knowingly and voluntarily enter her plea because she "could not fully understand the contents of the [b]ill of [i]nformation [or] the [w]aiver of [i]ndictment" as the result of "mental and physical illnesses" from which she was suffering at the time. Appellant's Br. 5. Although she "responded in the affirmative when * * * questioned by the court as to her understanding," Coppock now dismisses her responses as nonetheless "contrary to her true [lack of] understanding" and based strictly on her "trust in counsel." *Id.*

**{¶ 10}** During her plea colloquy, Coppock testified that she was 51 years of age, had completed the twelfth grade, could read and write the English language, and was not at the time under the influence of alcohol, medication or any other drugs. Tr. of Proceedings 5-6. She testified further that she suffered from two mental illnesses and from a terminal physical illness, and she indicated that these conditions affected her ability to understand the proceedings. *Id.* at 6-7. Yet, her testimony and her answers to questions were generally responsive, suggesting that she comprehended the substance of the court's comments. For instance, when she raised the issue of her ability to understand, she, the court and her attorney made the following remarks:

DEFENSE COUNSEL: Let—let me say this too for the record. I've helped Lora out for several years now—

MS. COPPOCK: Yeah.

DEFENSE COUNSEL: —and the issue becomes whether or not I believe that she understand[s] the nature of the nature of [sic] the proceedings and what's going on, and I believe that she does—

MS. COPPOCK: Uh huh.

DEFENSE COUNSEL: —based on my conversations with her not only in this case, but in the previous cases as well. So I think she understand[s] what's going on. I think she has some—she's had some difficulties probably more medical than mental, but I—I'm comfortable that she understands the nature of this. If she's not comfortable going forward, we don't have to do that.

MS. COPPOCK: We're fine.

DEFENSE COUNSEL: But she's—

MS. COPPOCK: We're—we're fine.

THE COURT: Okay. And do you agree with what [your attorney] is saying?

MS. COPPOCK: Yeah.

THE COURT: Okay. Because we're going to talk about all the impact that [your] pleading today [will have] on you, and I need you to understand that if you want to go forward.

DEFENSE COUNSEL: You have to speak up, we're recording.

MS. COPPOCK: Yes.

THE COURT: So[,] Ms. Coppock, do you want to go forward?

MS. COPPOCK: Yeah.

*Id.* at 7-9. Later in the colloquy, Coppock interjected repeatedly when she thought that the plea agreement incorrectly referenced a charge of possession of cocaine:

THE COURT: Do you understand that if you plead guilty, the [c]ourt will enter a judgment of guilt against you, and we could proceed to sentencing today, if I thought it was proper? Do you understand that?

MS. COPPOCK: Yes. What was the drugs [sic]?

THE COURT: It was a Schedule I drug, MDMA.

MS. COPPOCK: What is that?

THE STATE: There's cocaine along with it.

MS. COPPOCK: What is it?

DEFENSE COUNSEL: Well[,] let's see here. Cocaine.

MS. COPPOCK: Cocaine? I didn't have no cocaine. I had marijuana.

DEFENSE COUNSEL: Yeah[,] that's not for marijuana.

MS. COPPOCK: I never had no cocaine.

DEFENSE COUNSEL: I don't have the discovery.

MS. COPPOCK: I never had no cocaine.

THE STATE: MDMA.

DEFENSE COUNSEL: Huh?

THE STATE: MDMA.

DEFENSE COUNSEL: Which is?

MS. COPPOCK: I never had no cocaine.

THE STATE: X.

DEFENSE COUNSEL: Ecstasy.

MS. COPPOCK: I had a little piece of that, yeah.

*Id.* at 12-14. This discussion, in particular, evinces Coppock's ability to understand the basic substance of her plea, and the rights she chose to waive, at the time she entered it. On the record before us, then, we conclude that Coppock's ability to understand the proceedings was sufficient to allow her to make an intelligent, knowing and voluntary decision to waive her right to a trial and enter a plea of guilty.

{¶ 11} For her second assignment of error, Coppock argues that:

THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S COUNSEL'S [SIC] OPINION AS TO WHETHER DEFENDANT UNDERSTOOD THE BILL OF INFORMATION, WAIVER OF

INDICTMENT, AND/OR NOTIFICATION UPON SENTENCING FORM(S) WHEN DEFENDANT EXPRESSED THAT THE FORMS WERE NOT FULLY EXPLAINED TO HER.

{¶ 12} A trial court "may not relieve itself of the requirement[s] of Crim.R. 11(C) by exacting comments or answers [from] defense counsel as to the defendant's knowledge of [her] rights," although it may consider statements made by counsel as additional evidence that the defendant has been adequately informed for purposes of entering a knowing, voluntary plea. *See State v. Ballard*, 66 Ohio St. 2d 473, 481, 423 N.E.2d 115 (1981); *State v. Pigge*, 4th Dist. Ross No. 09 CA 3136, 2010-Ohio-6541, ¶ 17-18. Here, the trial court appears to have considered answers and comments offered by Coppock's counsel, but the transcript of Coppock's plea colloquy establishes that Coppock had a fundamental, understanding of the charge set forth in the bill of information, the rights she chose to waive, and the consequences of entering a guilty plea. Tr. of Proceedings 7-9, 11-14. Given that Coppock demonstrated sufficient understanding in her own words during the plea, we find that the trial court did not err by considering the remarks made by her counsel in addition to her own statements.

### III. Conclusion

{¶ 13} We find that the trial court complied with Crim.R. 11, and that Coppock understood the charge against her, the consequences of entering a plea of guilty and the constitutional rights she waived. The assignments of error are overruled. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies mailed to:

Ryan C. Spitzer
V. Gayle Miller
Hon. Jeannine N. Pratt